**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **CHAPTER 11** |
| | : | |
| **ROOSEVELT INN, LLC** and | : | **Bky. No. 21-11697(AMC)** |
| **ROOSEVELT MOTOR INN, INC.** | : | |
| | : | **JOINTLY ADMINISTERED** |
| Debtors | : | |
| | : | |

**CONSENT ORDER RESOLVING SAMSUNG FIRE & MARINE NSURANCE CO., LTD.
(U.S. BRANCH)'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY [D.I. 254]
AND SCHEDULING A STATUS CONFERENCE FOLLOWING THE DISTRICT
COURT'S RULINGS OR ABSENCE OF SUCH RULINGS**

THIS CONSENT ORDER (the "Consent Order"), by, between and among Roosevelt Inn,

LLC and Roosevelt Motor Inn, Inc. (collectively, the "Debtors"); Samsung Fire & Marine

Insurance Co., Ltd. (U.S. Branch) ("Samsung"); Capital Specialty Insurance Corporation

("CapSpecialty"); Nationwide Mutual Insurance Company ("Nationwide"); Harleysville Preferred

Insurance Company ("Harleysville"); Philadelphia Indemnity Insurance Company ("Philadelphia

Indemnity"); and ACE Property & Casualty Insurance Company ("ACE"), and together with the

Debtors, Samsung, CapSpecialty, Nationwide, Harleysville, and Philadelphia Indemnity, the

"Parties").

## BACKGROUND

**I.    Procedural Background.**

A.    On June 16, 2021 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief with the Court pursuant to Chapter 11 of Title 11, United States Code (the

"Bankruptcy Code").

B.    Since the Petition Date, the Debtors remain in control of their assets as debtors-in-

possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## II.    Pending Tort Actions involving the Parties.

C.    The pending tort actions (as described below) allege various tort claims concerning alleged sex trafficking, at various times from 2008 through 2014, at the Roosevelt Inn.  The cases filed against the Debtors and the Debtors' related parties in the Philadelphia County Court of Common Pleas are as follows:

(i)    *M.B. v. Roosevelt Inn LLC (d/b/a Roosevelt Inn and Roosevelt Inn Café); Roosevelt Motor Inn, Inc. (d/b/a Roosevelt Motor Inn); UFVS Management Company, LLC; and Yagna Patel, et al*., Case No. 00712, Philadelphia County Court of Common Pleas, March Term, 2017.  Samsung pays the legal defense costs for the Debtors in the *M.B.* case subject to a reservation of rights.  Samsung is challenging that it must defend and indemnify the Debtors and the Debtors' related parties.

(ii)    *C.A. v. Roosevelt Inn LLC (d/b/a Roosevelt Inn); Roosevelt Motor Inn, Inc.; UFVS Management Company, LLC, et al*., Case No. 03355, Philadelphia County Court of Common Pleas, March Term, 2019.  Samsung and Nationwide split legal defense costs for the Debtors in the *C.A.* case subject to a reservation of rights.  Samsung and Nationwide are challenging that they must defend and indemnify the Debtors and the Debtors' related parties.

(iii)    *B.H. v Roosevelt Inn LLC (d/b/a Roosevelt Inn); Roosevelt Motor Inn, Inc.; UFVS Management Company, LLC*; *et al.*, Case No. 03356, Philadelphia County Court of Common Pleas, March Term, 2019.  Samsung and Nationwide split legal defense costs for the Debtors in the *B.H.* case subject to a reservation of rights.  Samsung and Nationwide are challenging that they must defend and indemnify the Debtors and the Debtors' related parties.

(iv)    *K.R. v. Roosevelt Inn LLC (d/b/a Roosevelt Inn); Roosevelt Motor Inn, Inc. (d/b/a Roosevelt Motor Inn); UFVS Management Company, LLC*; *et al*., Case No. 00552,

Philadelphia County Court of Common Pleas, November Term, 2019. Samsung and Nationwide split legal defense costs for the Debtors in the *K.R.* case subject to a reservation of rights. Samsung and Nationwide are challenging that they must defend and indemnify the Debtors and the Debtors' related parties.

### III.    Samsung Declaratory Judgment Litigation.

D.      Prior to the Petition Date, Samsung filed a Declaratory Judgment Complaint against the Debtors, UFVS Management Company LLC ("UFVS"), and Yagna Patel ("Patel") seeking a judicial determination that it has no obligation to defend and/or indemnify the Debtors, UFVS and Patel under the policies it issued to Debtors in connection with the *M.B., C.A., B.H.* and *K.R.* cases. The Samsung declaratory judgment litigation is styled *Samsung Fire and Marine Insurance Co. Ltd. (U.S. Branch) v. UFVS Management Company LLC, et al.* and was filed in the U.S. District Court for the Eastern District of Pennsylvania (the "District Court"), C.A. 18-cv-04365 (CDJ) (the "DJ Litigation") and has been stayed by the Debtors' filing of their bankruptcy petitions.

E.      In the DJ Litigation, the Debtors counterclaimed against Samsung and filed third party claims against Nationwide and its excess insurance carrier, ACE. The Debtors' claims against Samsung and Nationwide seek a judicial determination that Samsung and Nationwide are obligated to defend and indemnify the Debtors in the *C.A., B.H.* and *K.R.* cases and that Samsung is so obligated with regard to *M.B.* case.

F.      As ACE denied coverage to the Debtors altogether on the basis of Abuse or Molestation Exclusion – Minor Persons (No Broader Than Scheduled Underlying Insurance) and other grounds, the Debtors' claim against ACE seeks damages for breach of contract.

G.      Nationwide brought Philadelphia Indemnity into the DJ Litigation as a Fourth Party Plaintiff. Philadelphia Indemnity brought CapSpecialty into the DJ Litigation as a Fifth Party Plaintiff. Philadelphia Indemnity and CapSpecialty are insurance carriers for the Debtors' prior

security firm, Alpha-Centurion Security Company.    Philadelphia Indemnity is alleged to be an insurer on an additional insured basis of one or more of the Debtors.

H.    Samsung, Nationwide and the Debtors filed cross-motions for Judgment on the Pleadings in March 2020, which have yet to be adjudicated by the District Court.

I.    At that time, ACE filed a Motion to Dismiss, which also remains pending and not adjudicated by the District Court.    The motions filed by Samsung, Nationwide, ACE and the Debtors are referred to herein as the "Pending Motions".

**IV.    The instant Motion filed by Samsung.**

J.    On April 21, 2022, Samsung filed the Motion for Relief from the Automatic Stay (the "MFR") [D.I. 254].

K.    As set forth in the MFR, Samsung seeks the entry of an Order granting it relief from the automatic stay for the purpose of proceeding with a final adjudication of the DJ Litigation.

L.    After the MFR was filed, the following Joinders to the Motion were filed:

(i)    CapSpecialty filed its Joinder on April 26, 2022 [D.I. 264];

(ii)    Nationwide and Harleysville filed their Joinder on April 28, 2022 [D.I. 269];

(iii)    Philadelphia Indemnity filed its Joinder on April 28, 2022 [D.I. 270]; and

(iv)    ACE filed its Joinder on April 29, 2022 [D.I. 272].

M.    The Parties have concluded that resolving the MFR by this Consent Order is appropriate under governing law and consistent with the interest of the Debtors' estates, their creditors and parties in interest.

**NOW, THEREFORE,** the foregoing Background being incorporated herein and made a part hereof, and with the agreement of the Parties, it is hereby **ORDERED** as follows:

1.      The automatic stay imposed by 11 U.S.C. Section 362 (the "Automatic Stay") is modified solely to permit the continuance and adjudication of the DJ Litigation by the Parties in the District Court but limited to:

(a)      the judicial determination of the cross-Motions for Judgment on the Pleadings filed by Samsung, Nationwide and Debtors, and the Motion to Dismiss filed by Ace (the "Pending Motions") and to the extent as may be necessary to apprise the District Court of recent decisions entered after the original submission of the Pending Motions and any response to the same; and

(b)      after the District Court has issued its decision on the Pending Motions, any motion practice or request for declaratory relief as may be sought by the Debtors, CapSpecialty, Nationwide, Philadelphia Indemnity, or ACE, in connection with additional insured obligations to Debtors or their insurers alleged in the Third-Party, Fourth-Party, and Fifth-Party Complaints. Except as set forth herein, the provisions of the Automatic Stay shall remain in full force and effect.

2.      Upon entry of a decision by the District Court on the Pending Motions or any decision by the District Court on any motions filed pursuant to paragraph 1(b) above, any party to the DJ Action may preserve its rights to appellate review by filing a Notice of Appeal or a motion for certification of finality under Fed. R. Civ. P. 54 (b).  Except as set forth in the preceding sentence and paragraph 1 above, the Automatic Stay shall be reinstated and continue in full force and effect as a stay against all parties in the DJ Litigation and all further proceedings before the District Court including, any and all further proceedings before the Court of Appeals for the Third Circuit with respect to any Notice of Appeal, if any, of any decision by the District Court until further Order of this Court.

3.      Upon entry of a decision by the District Court on the Pending Motions, the Parties hereto are prepared to request the resumption of the mediation process before Judge Frank.

Case 21-11697-amc    Doc 288    Filed 05/25/22    Entered 05/25/22 16:21:23    Desc Main
Document    Page 6 of 8

4.      Within thirty (30) days after the earlier of (i) the date when the District Court adjudicates the Pending Motions in the DJ Litigation and (ii) sixty (60) days from the date of the entry of this Order in the case where the District Court has not rendered a ruling, Debtors shall advise this Court of the District Court's decision or the absence thereof and this Court shall thereafter hold a status conference to review the District Court's decision or the absence of the same and the impact on the Debtors' bankruptcy cases, plan of reorganization process and the appropriate next steps, including, without limitation, whether or not the automatic stay should be modified further to allow for the complete and final adjudication of the DJ Litigation, including any appeals from the District Court's decision.   This Order shall not preclude any party from seeking further relief from the Automatic Stay with respect to appellate review of the District Court's ruling.

5.      Nothing contained in this Order shall preclude any party to the DJ Litigation from seeking from this Court any further, other or additional relief from the automatic stay.

6.      The 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) is hereby waived and this Order shall become effective immediately upon its entry.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Consent Order.

                                        BY THE COURT:

Dated: _____                  _____
 **Date: May 25, 2022**                 ASHELY M. CHAN,
                                        UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM:**

**KARALIS PC**

By:    /s/ Aris J. Karalis
      ARIS J. KARALIS
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      akaralis@karalislaw.com
      rseitzer@karalislaw.com

      *Attorneys for the Debtors*

      -and-

**REED SMITH LLP**
Luke Debevic
John N. Ellison
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
ldbevic@reedsmith.com
jellison@reedsmith.com

Insurance coverage Attorneys for the Debtors

Dated: May 25, 2022

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:    /s/ Mark G. Ledwin
      MARK G. LEDWIN
      1133 Westchester Avenue
      White Plains, NY 10406
      (914) 872-7148
      mark.ledwin@wilsonelser.com

      -and-

**FALLS & DEMARCO, P.C.**
John C. Falls, Esq
101 Greenwood Ave., Suite 300
Jenkintown, PA 19046
(215) 881-2280
jfalls@fallsdemarco.com

Co-Counsel for Samsung Fire &
Marine Insurance Co., Ltd.

Dated: May 25, 2022

**BECKER LLC**

By:    /s/ Joseph G. Harraka, Jr.
      JOSEPH G. HARRAKA, JR.
      1515 Market Street, Suite 1200
      Philadelphia, PA 19102
      (215) 282-0699
      jgharraka@becker.legal

      *Attorneys for CapSpecialty*

Dated: May 25, 2022

**SWARTZ CAMPBELL LLC**

By:    /s/ William T. Salzer
      WILLIAM T. SALZER
      One Liberty Place
      1650 Market Street, 38th Floor
      Philadelphia, PA 19103
      (215) 564-5190
      wsalzer@swartzcampbell.com

      *Attorneys for Nationwide and
      Harleysville*

Dated: May 25, 2022

**BODELL BOVE, LLC**

By: ___/s/ Rex F. Brien_____
    LOUIS A. BOVE
    REX F. BRIEN
    1845 Walnut Street, Suite 1100
    Philadelphia, PA 19103
    (215) 864-6600
    lbove@bodellbove.com
    rbrien@bodellbove.com

    *Attorneys for Philadelphia Indemnity*

Dated: May 25, 2022

**COZEN O'CONNOR**

By: ___/s/ Kristie M. Abel_____
    KRISTIE M. ABEL
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, PA 19103
    (215) 665-2000
    kabel@cozen.com

    *Attorneys for ACE*

Dated: May 25, 2022